UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SREAM INC. and MARTIN BIRZLE,

                         Plaintiffs,

– *against* –

VILLAGE DREAM INC.,

                         Defendant.

**ORDER**

15 Civ. 8708 (ER)

Ramos, D.J.:

       Plaintiffs' last action in this case was to request that the Court enter default judgment against Village Dream on April 19, 2016. Doc. 17. On April 8, 2019, the Court ordered Plaintiffs to file a status report by April 22, 2019. Doc. 18. Plaintiffs did not do so. The Court renewed this request on April 6, 2020, asking the parties to submit a status report by May 1, 2020. Doc. 19. More than three months have passed without a response. For the below reasons, the Court dismisses Plaintiffs' action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

       "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). The Second Circuit lists five factors for a district court to consider while determining whether the "harsh remedy" of Rule 41(b) dismissal is appropriate:

         (1) the duration of the plaintiff's failures,

         (2) whether plaintiff had received notice that further delays would result in dismissal,

         (3) whether the defendant is likely to be prejudiced by further delay,

  (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and

  (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Id.* (internal quotations and alterations omitted). These factors counsel in favor of dismissal in Plaintiffs' case.

  *First*, Plaintiffs' last action in this case was on April 19, 2016. Doc. 17. Over four years have passed without any notice from Plaintiffs. Furthermore, the Court ordered Plaintiffs to file a status report by May 1, 2020. Doc. 19. This was the Court's second such request. More than three months have passed since that deadline. Given the length of time without action from Plaintiffs, the Court finds that this factor weighs in favor of dismissal.

  *Second*, the Court was clear in its Order of April 6, 2020 for a status report that failure to comply could result in the dismissal of Plaintiffs' action under Rule 41. It wrote, "Failure to comply with this Order may result in sanctions, including dismissal for failure to prosecute." Doc. 19 (citing Fed. R. Civ. P. 41). Plaintiffs were on notice of the consequences of its failure to obey the Court's Order.

  *Third*, "prejudice to defendants resulting from unreasonable delay may be presumed . . . ." *LeSane*, 239 F.3d at 210. The Court sees no facts in this matter that could rebut this presumption.

  *Fourth*, although the lack of action in this matter does not pose too heavy a burden on the Court's docket, Plaintiffs have failed to take advantage of its "right to due process and a fair chance to be heard." *Id.* at 209. This factor weighs weakly against dismissal.

  *Fifth*, in the face of Plaintiffs' failure to respond to the Court's orders at all, there are no weaker sanctions that could remedy plaintiff's failure to prosecute.

Given that four of the five factors weigh in favor of dismissal, the Court DISMISSES Plaintiffs' action.  The Clerk of Court is respectfully directed to terminate any outstanding motions and to close the case.

It is SO ORDERED.

Dated:    August 31, 2020
            New York, New York

                                                EDGARDO RAMOS, U.S.D.J.